IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMIRALI Y. HAIDRI, ESQ.
110 HILLSIDE AVENUE, SUITE 104
SPRINGFIELD, NEW JERSEY 07081-3007
(908) 688-8700
Attorney for Plaintiff(s)
Our File No. 1449

| | |
|---|---|
| WILLIAM ARAUJO, | : Civil Action.: 1:19-cv-05785-JPC-SN |
| Plaintiff, | : |
| vs. | : |
| E. MISHAN & SONS, INC. and FORGOT MY SOUVENIRS, LLC, | : |
| Defendant. | : |

MOTION BRIEF OF PLAINTIFF/MOVANT
WILLIAM ARAUJO

Amirali Y. Haidri, Esq.
of Counsel and
on the Brief

TABLE OF CONTENTS

STATEMENT OF MATERIAL FACTS..................................................................1

INTRODUCTION...............................................................................................2

POINT I

PLAINTIFF'S EQUITIES FAVOR HIS OVERCOMING THE COMMON LAW AND FIRST AMENDMENT RIGHT OF THE PUBLIC TO ACCESS DOCUMENT NO. 93....3

POINT II

EVEN IF DOCUMENT NO. 3 IS A JUDICIAL DOCUMENT PLAINTIFF'S PRIVATE INTERESTS OUTWEIGH ANY PUBLIC INTEREST......................5

POINT III

EVEN IF DOCUMENT NO. 3 IS A JUDICIAL DOCUMENT PLAINTIFF'S PRIVATE INTERESTS OUTWEIGH ANY PUBLIC INTEREST..............................6

CONCLUSION...................................................................................................7

TABLE OF AUTHORITIES

CITATIONS OF CASES

*In re Cendant Corp.,* 260 *F.*3d 183, 192 (3d Cir. 2001)......................3

*Littlejohn v. BIC Corp.,* 851 *F.*2d 673, (3d Cir. 1988).........................3

*Leucadia v. Applied Extrusion Technologies, Inc.,* 998 *F.*2d 157, (3d Cir. 1993)..........................................................................3

*Lugosch v. Pyramid Co. of Onandaga,* 435 *F.*3d 110 (2d Cir. 2006)..................................................................................4

*Miller v. Ind. Hosp.,* 16 *F.*3d 549, (3d Cir. 1994)........................................................................................3, 4

*Pansy v. Borough of Stroudsburg,* 23 *F.*3d 772, (3d Cir. 1994)........................................................................................4, 5

*Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, (3d Cir. 1984)...........................................................................................4

*Republic of Philippines v. Westinghouse Elec. Corp.,* 949 *F.*2d 653, (3d Cir. 1991).........................................................................3

*United States v. Amodeo,* 44 *F.* 3d 141, (2d Cir. 1995)....................5

*United States v. Amodeo,* 71 *F.* 3d 1044, 1048 (2d Cir. 1995).........3

STATEMENT OF FACTS

The following facts are derived from the Declaration of plaintiff William Araujo dated September 20, 2022.

1. Following a *Markman* hearing, the Court rendered a Claim Construction Opinion and Order on June 29, 2022 under Document No. 93.

2. In light of that ruling, plaintiff William Araujo abandoned the pursuit of his Complaint. He did not appear before the Honorable Sarah Netburn, U.S.M.J. for a settlement conference, seek an interlocutory appeal or pursue his action to final judgment followed by a plenary appeal.

3. Earlier he filed an action in the United States District Court for the District of New Jersey under Civil Action No. 2:15-cv-05327-MCA-LDW entitled *William Araujo v. eBay, Inc., et al.* He settled that matter. No *Markman* ruling was handed down in that matter.

4. Plaintiff still has the option to pursue infringement actions against other defendants before the term of his patent expires and before any statute of limitations runs.

5. Plaintiff William Araujo wishes to keep his options open.

INTRODUCTION

There are three (3) considerations that control the sealing of a record in this Court. *Lugosch v. Pyramid Co. of Onondaga*, 435 *F.* 3d 110 (2d Cir. 2006).

First, a common law right of public access to judicial documents needs to be overcome.

Second, whether the document sought to be sealed is a judicial document.

Third, whether closure is essential to preserve higher values and is narrowly tailored to preserve that interest.

Plaintiff submits that under the prevailing law in this Circuit as well as in the Third Circuit entitles him to seek sealing of Document No. 93. He resides within the jurisdiction of the Third Circuit. His first action was filed in the United States District Court for the District of New Jersey. The future action he contemplates will be filed in the same United States District Court.

LEGAL ARGUMENT

POINT I

<u>PLAINTIFF'S EQUITIES FAVOR HIS OVERCOMING THE COMMON LAW AND FIRST AMENDMENT RIGHT OF THE PUBLIC TO ACCESS DOCUMENT NO. 93</u>

There has always been a common law principle that Court proceedings are open to the public. Justice must not only be done but be seen to be done. However, there are exceptions, particularly in family law, certain criminal cases and Governmental secrets particularly in the FISA Court.

There exists in civil cases a common law public right of access to judicial proceedings and records. *United States v. Amodeo,* 71 *F.* 3d 1044, 1048 (2d Cir. 1995); *In re Cendant Corp.,* 260 *F.*3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.,* 851 *F.*2d 673, 677-78 (3d Cir. 1988)). Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Leucadia v. Applied Extrusion Technologies, Inc.,* 998 *F.*2d 157, 164 (3d Cir. 1993); Republic of *Philippines v. Westinghouse Elec. Corp.,* 949 *F.*2d 653, 662 (3d Cir. 1991).

The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Ind. Hosp.,*

3

16 *F.*3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen,* 733 *F.*2d 1059, 1071 (3d Cir. 1984)).

Plaintiff has met the burden of demonstrating that he is entitled to protection, Courts do find that "good cause" to protect information from exposure exists where disclosure would result in a clearly defined and serious injury to the party seeking to overcome the presumption of access. *Pansy v. Borough of Stroudsburg,* 23 *F.*3d 772, 787-91 (3d Cir. 1994).

Where there is interest on the part of news media to receive information for dissemination to the public, a First Amendment right of access is also implicated. *Lugosch v. Pyramid Co. of Onondage,* 435 *F.* 3d 110, 119-120 (2d Cir. 2006).

However, Document 93 is a Judicial resolution of civil controversy between private individuals. No public or news media interest is implicated.

Document No. 93 has not been published in any official Federal Court (or any other Court) Reporter. Nor has it been published by the news media in writing or by way of a broadcast.

It has been held that the party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Ind. Hosp.,* 16 *F.*3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 *F.*2d 1059, 1071 (3d Cir. 1984). Plaintiff needs the protection of the Court in that in a

4

new infringement action against different parties he should not be hampered by the record created in this Court.

Plaintiff has met the burden of demonstrating that he is entitled to protection. Courts do find that "good cause" to protect information from exposure exists where disclosure would result in a clearly defined and serious injury to the party seeking to overcome the presumption of access. *Pansy v. Borough of Stroudsburg,* 23 *F.*3d 772, 787-91 (3d Cir. 1994).]

LEGAL ARGUMENT

POINT II

<u>EVEN IF DOCUMENT NO. 3 IS A JUDICIAL DOCUMENT PLAINTIFF'S PRIVATE INTERESTS OUTWEIGH ANY PUBLIC INTEREST</u>

As already noted before Document No. 93 is part of the Court's record and it has been signed by an Article III Judge. However, it has not been published in any official or private media.

It is a judicial document nonetheless. *United States v. Amodeo,* 44 *F.* 3d 141, 145 (2d Cir. 1995). However, private interests overcome the public interests.

5

LEGAL ARGUMENT

POINT III

<u>A LESS ONEROUS ALTERNATIVE IS NOT AVAILABLE</u>

In any new infringement action plaintiff may file the possibility of a settlement short of a *Markman* hearing is foreclosed should the new defendants be to able access Document No. 93.

Needless to say settlement of litigation is a high priority for all Courts.

In his earlier case that was filed in the United States District Court for the District of New Jersey, plaintiff was able to receive a settlement before a *Markman* hearing. This will assuredly not happen again if Document No. 93 is not sealed.

Plaintiff will then be faced with the unsavory options of collaterally attacking Document No. 93 or seeking its collateral review on appeal.

Such choices will place unnecessary burdens on plaintiff, his adversaries and the District and Court of Appeals.

It will not serve the best interests of all concerned. We request the Court to find that (i) the private interests are legitimate, outweigh the public interest, and warrant sealing in this case, (ii) the permanent sealing of such material will

prevent serious injury to the parties, and (iii) a less restrictive alternative to the relief sought is not available.

CONCLUSION

Document No. 93 should be sealed.

Respectfully submitted,

Amirali Y. Haidri
Stanley H. Kremen *Counsel Pro Hac Vice*
Attorneys for Plaintiff William Araujo

Dated: September 30, 2022