```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
WILLIAM ARAUJO,                                                        :
                                                                       :
                         Plaintiff,                                    :
                                                                       :       19 Civ. 5785 (JPC) (SN)
            -v-                                                        :
                                                                       :              ORDER
 E MISHAN & SONS, INC. et al.,                                         :
                                                                       :
                         Defendants.                                   :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff William Araujo filed a motion to seal the Court's Opinion and Order construing two terms in one of the claims of his patent. *See* Dkt. 95; *see also generally* Dkt. 93 ("Opinion"). At the Court's direction, Plaintiff subsequently submitted a brief in support of his motion on September 30, 2022. Dkt. 97 ("Motion"). The Court finds that Plaintiff has not overcome the presumption of public access to a judicial document like the Opinion. His motion to seal is therefore denied.

Under "the First Amendment and the common law," the public has a "presumption of access to judicial records." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quotations omitted). The Second Circuit has broadly defined a "judicial document" as an "item that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 139 (quotations omitted). A document is relevant to the performance of the judicial function "if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). The public has a presumption of access to these documents "so that the federal courts have a measure of accountability and so that the public may have confidence in the administration of

justice." *Bernstein*, 814 F.3d at 139 (quotations omitted).

Courts reviewing requests to seal "engage[] in a three-step inquiry." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). "First, the court determines whether the record at issue is a judicial document—a document to which the presumption of public access attaches." *Id.* (quotations omitted). If the document counts as a judicial document, the court then "determine[s] the weight of the presumption of access to that document." *Id.* (quotations omitted). Lastly, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Plaintiff concedes that the Opinion is a judicial document, as it obviously is. Motion at 5; *see also Doe v. City of New York*, No. 15 Civ. 117 (AJN), 2019 WL 4392533, at *1 (S.D.N.Y. Sept. 13. 2019) ("Both parties agree that the Court's Order qualifies as a judicial a judicial document[.]"); Order, *Turnbull v. JPMorgan Chase & Co.*, No. 21 Civ. 3217 (JGK) (S.D.N.Y. Feb. 28, 2022), ECF No. 39 ("The Opinion is plainly a judicial document and entitled to a presumption of openness." (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006))). Accordingly, the presumption of public access attaches.

At step two, "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Here, a strong presumption of public access attaches to the Opinion. *See Doe*, 2019 WL 4392533, at *1 (noting that the "presumption is at its 'highest'" with respect to judicial decisions); *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 166 (S.D.N.Y. 2018) ("An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." (alteration omitted) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982))). Plaintiff argues that presumption is weak because this case is a "civil controversy between private

2

individuals" which has not sparked "interest on the part of news media." Motion at 4. But this is also true of most civil litigation cases. The fact that Plaintiff's case has not received significant media attention does not detract from the Opinion's role in the Court's exercise of its Article III power. Further, there may be a public interest in the Opinion as its discussion of the claim construction legal standard and subsequent analysis could serve as helpful authority for litigants and judges in future cases.

Finally, at step three, Plaintiff has failed to meet his burden "to articulate a compelling countervailing rationale" for sealing the Opinion "against this strong presumption of public access." *Collado v. City of New York*, 193 F. Supp. 3d 286, 289 (S.D.N.Y. 2016). Plaintiff argues that he "should not be hampered by the record created in this Court" should he choose to file new infringement actions against other defendants, Motion at 4-5, and expresses concern that the Opinion could "foreclose[]" the possibility of settlement "should the new defendants be [able to] access" it, *id.* at 6. But "[t]he natural desire of parties to shield prejudicial information contained in judicial records cannot be accommodated by courts without seriously undermining the tradition of an open judicial system." *Bronx Conservatory of Music, Inc. v. Kwoka*, No. 21 Civ. 1732 (AT) (BCM), 2021 WL 2850632, at *3 (S.D.N.Y. July 8, 2021) (internal alterations and quotations omitted) (quoting *Lugosch*, 435 F.3d at 123 n.5). Indeed, Courts have considered and rejected similar arguments in the past. *Cf., e.g.*, *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017) ("A possibility of future adverse impact on employment or the celebrity status of a party is not a 'higher value' sufficient to overcome the presumption of access to judicial documents."). Moreover, the Opinion has been available on the public docket and on electronic research platforms for the over three months since its publication. *E.g.*, *Araujo v. E. Mishan & Sons, Inc.*, No. 19 Civ. 5785 (JPC) (SN), 2022 WL 2342111 (S.D.N.Y. June 29, 2022); *see Campbell v. City of New York*, No. 16 Civ. 8719 (AJN), 2021 WL 826899, at *10 (S.D.N.Y. Mar.

4, 2021) ("Rarely, if ever, can the presumption of public access be overcome when the information has already been made public."); *Sparman v. Edwards*, 325 F. Supp. 3d 317, 319 (E.D.N.Y. 2018) ("The Court can conceive of no justification to seal an opinion that is readily available in the public domain.").

As such, Plaintiff's motion to seal the Court's Claim Construction Opinion and Order is denied. The Clerk of Court is respectfully directed to close Docket Number 95.

SO ORDERED.

Dated: October 20, 2022
      New York, New York

                                        JOHN P. CRONAN
                                United States District Judge